IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:18-CV-120-BO

| | |
|---|---|
| RAQUAY EDDIE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    **ORDER** |
| CITY OF WHITEVILLE; J. ATKINSON, individually and officially; CARLTON WILLIAMSON, individually and officially; and CLAY COLLIER, individually, | ) ) ) ) ) |
|     Defendants. | ) |

This case comes before the court on the motion (D.E. 48) by plaintiff Raquay Eddie ("plaintiff") to compel defendant City of Whiteville ("Whiteville") to respond to plaintiff's requests for production of documents, extend deadlines in the Scheduling Order (D.E. 20, amended at D.E. 27, 47), and award him a proportionate sanction. Whiteville has filed a response in opposition to plaintiff's motion. *See* D.E. 50. For the reasons set forth below, the motion will be denied in part and allowed in part.

## I. BACKGROUND

This case arises from injuries sustained by plaintiff during his November 2016 arrest by Whiteville law enforcement officers. Am. Compl. (D.E. 32) ¶¶ 14-16. Plaintiff asserts claims in his amended complaint for (1) trespass upon his person by a public officer/assault and battery (*id.* ¶¶ 39-44); (2) negligence (*id.* ¶¶ 45-50); (3) use of excessive force in violation of the Fourth Amendment (*id.* ¶¶ 51-58); and (4) abuse of process (*id.* ¶¶ 59-63). Defendants deny the material allegations of the amended complaint. *See generally* Defs' Am. Ans. (D.E. 39, 43).

On 6 December 2018, plaintiff served on Whiteville his first requests for production of documents (D.E. 49-1). As of the date the instant motion was filed, 16 June 2019, Whiteville had not responded to the requests for production of documents. Pl.'s Mot. (D.E.48). On 21 June 2019, Whiteville served its responses to the requests for production of documents. *See* 21 June 2019 Cover Ltr. (D.E. 50-1). Whiteville urges the court to deny plaintiff's motion in its entirety as moot.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be

2

granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). Rule 37 requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* (a)(1). Similarly, Local Civil Rule 7.1(c) requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell,* No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

In addition, Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted or the disclosure is provided after the motion is filed, except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

3

## III. DISCUSSION

### A. Requests for Production

As indicated, plaintiff seeks, in part, a directive compelling Whiteville to serve a response to his first set of requests for production. Plaintiff, though, has since obtained this relief. As indicated, since the filing of plaintiff's motion, Whiteville has served its response to the production requests. Therefore, the portion of plaintiff's motion seeking to compel a response to his first set of requests for production of documents is DENIED AS MOOT.

### B. Expenses

Plaintiff also seeks a proportionate sanction for Whiteville's failure to timely respond to the discovery requests. The record as currently developed shows that plaintiff is entitled to the award of the reasonable expenses, including attorney's fees, incurred in filing his motion to compel. There is no question that plaintiff was justified in filing the motion. At the time the motion was filed, Whiteville had not responded to plaintiff's production requests, served six months earlier, in clear violation of its obligations under Rule 34, or offered a justification for its failure to do so. Moreover, plaintiff made a good faith effort to resolve the matter before filing his motion to compel. In addition, it was only after plaintiff had filed his motion that Whiteville produced the requisite responses.

The court therefore preliminarily ALLOWS plaintiff's request for expenses. Nonetheless, before making a final determination on awarding plaintiff expenses, the court will provide Whiteville an additional opportunity to be heard with respect to the award. At the same time, the court will require submission of information by plaintiff on the amount of expenses he seeks.

Accordingly, plaintiff shall file by 8 August 2019 an affidavit setting out the reasonable attorney's fees and other expenses he claims, along with a supporting memorandum and any other

4

supporting documents. **Whiteville may file a response to plaintiff's submission within 14 days after the submission is filed. Whiteville may address in its response not only the reasonableness of the expenses claimed by plaintiff, but also any grounds upon which it contends expenses should not be awarded to plaintiff. If Whiteville does not timely file a response to plaintiff's submission, the court will deem it to have no objection to either the court awarding plaintiff expenses on his motion to compel or the amount of expenses plaintiff claims.** The court will thereafter enter an order setting the amount due and the deadline for payment.

### C. Extension of Deadlines in the Scheduling Order

Finally plaintiff asks for amendment of the Scheduling Order in light of the delay in receiving responses to his discovery requests. Whiteville does not expressly address this relief in its response to the motion. For good cause shown, the court will permit a short extension of the discovery deadlines as set forth in more detail below.

## IV. CONCLUSION

In summary, for the reasons and on the terms set forth above, IT IS ORDERED as follows:

1. The portion of plaintiff's motion seeking to compel responses to his first set of requests for production of documents is DENIED as moot.

2. The portion of plaintiff's motion seeking an award of expenses is preliminarily ALLOWED; and

3. The portion of plaintiff's motion seeking an extension of deadlines in the Scheduling Order is ALLOWED as follows:

    (a) All discovery shall be commenced in time to be completed by 18 September 2019.

    (b) Any potentially dispositive motions shall be filed by 18 October 2019.

5

(c) All other deadlines in the existing Scheduling Order remain in effect.

SO ORDERED, this 24th day of July 2019.

James E. Gates
United States Magistrate Judge